[No. 15147. Department Two.—July 21, 1893.]

ALFRED CLARKE, APPELLANT, *v.* F. WITRAM ET AL., RESPONDENTS.

SUMMONS—ORDER QUASHING SERVICE—APPEAL—DISMISSAL—ORDER AFTER JUDG-MENT—BILL OF EXCEPTIONS.—An appeal from an order setting aside and quashing a service of summons will be dismissed where there is no judgment-roll in the record, and where the bill of exceptions upon appeal from the order does not show that the order was made after final judgment.

ID.—DESCRIPTION OF ORDER IN NOTICE OF APPEAL.—The recital in the notice of appeal that the order appealed from was made after judgment is not evidence that the order was so made.

MOTION to dismiss an appeal from an order of the Superior Court of the City and County of San Francisco setting aside and quashing a service of summons.

The facts are stated in the opinion.

*Alfred Clarke*, in *pro per.*

*Dunne & McPike,* for Respondent.

TEMPLE, C. — This is an appeal from an order setting aside and quashing service of summons.

The record includes a bill of exceptions, which contains proof of the service of summons upon the defendant, and shows that default was entered upon the failure of defendant to appear and answer; also notice of motion to set aside and quash the services of summons, given two days after entry of the default, and on order granting the motion entered two weeks later. No judgment roll is contained in the record and no pleading. The character of the suit does not appear, and we do not know whether the relief sought was of such a nature that upon default judgment might have been entered by the clerk, without action on the part of the court or not. The record does not show that judgment has ever been entered.

Motion is made to dismiss the appeal on the ground that the order is not appealable.

Appellant contends that the order is a special order made after judgment, but, as we have seen, that nowhere appears. There is nothing in the nature of the order to indicate it. Ordinarily such motions precede the entry of judgment, and further, it is natural to suppose, if judgment had been entered, an order vacating it would have been included in the relief asked.

Appellant in his notice of appeal describes the order as made after judgment and insists upon this as showing that the order he has appealed from is such an order; but a party cannot make evidence for himself in that mode. If such fact existed it should have been stated in the bill of exceptions.

I think the motion should be granted.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the motion to dismiss the appeal is granted.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.